IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW MARTIN, RHONDA MORRIS, and JONATHAN OLIVAR, <br><br> Plaintiff, <br><br> vs. <br><br> REED MAHUNA, JAY KIMURA, SANDRA FREITAS, COUNTY OF HAWAI`I AND DOES 1-10, <br><br> Defendant. | CV. NO. 06-00640 DAE-KSC |

ORDER GRANTING DEFENDANTS JAY KIMURA AND
SANDRA FREITAS' MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS Defendants Jay Kimura and Sandra Freitas' Motion for Judgment on the Pleadings.

BACKGROUND

Plaintiffs filed a Complaint in State court, which was removed to this Court on November 29, 2006. Plaintiffs have brought various claims against police officers and prosecutors based on a prior arrest and prosecution. Defendants

Jay Kimura and Sandra Freitas ("Prosecutor Defendants") are alleged to be prosecutors for the County of Hawai`i and allegedly brought charges and prosecuted a case against the Plaintiffs.

On September 20, 2007, Prosecutor Defendants filed the instant motion for judgment on the pleadings arguing that they are absolutely immune from suits brought under 42 U.S.C. section 1983. Plaintiffs did not file an opposition.[1]

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure provides in part as follows:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings[.]

The court's review is limited to the pleadings. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."

---

[1] This motion was originally set for hearing on November 13, 2007. Pursuant to LR 7.4, the opposition was due not less than 18 days prior to the hearing date, which was October 26, 2007. Plaintiffs did not file an opposition by that date nor otherwise notify this Court that they needed additional time.

Id. Judgment on the pleadings is proper when, taking all the allegations in the non-moving party's pleadings as true, the moving party establishes that there is no material issue of fact and it is entitled to judgment as a matter of law. Torbet v. United Airlines, Inc., 298 F.3d 1087, 1089 (9th Cir. 2002), overruled on other grounds by United States v. Aukai, 497 F.3d 955 (9th Cir. 2007). The dismissal on the pleadings is proper only if the moving party is clearly entitled to prevail. Doleman v. Meiji Mutual Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984).

## DISCUSSION

Prosecutor Defendants argue that Plaintiffs' 42 U.S.C. § 1983 claim for violation of civil rights should be dismissed because they are absolutely immune from suit.

"[A]bsolute immunity precludes the imposition of any liability on the alleged wrongdoers, regardless of how wrongful that person's conduct may have been." Seibel v. Kemble, 631 P.2d 173, 177 (Haw. 1981). Whether a person is entitled to absolute immunity is not analyzed merely by their position title, but instead rests on the type of function that they are performing. Briscoe v. LaHue, 460 U.S. 325, 342 n28 (1983). With respect to prosecutors, the Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v.

Pachtman, 424 U.S. 409, 430 (1976).  Indeed, "it is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case[.]" Botello v. Gammick, 413 F.3d 971, 976 (9th Cir. 2005).

However, a prosecutor is entitled to only qualified immunity for his or her performance of administrative or investigative functions.  Id.  The Supreme Court has held that prosecutors do not have absolute immunity for their advice to police officers during the investigative phase of a criminal case, or performing acts which are generally considered functions of the police.  Burns v. Reed, 500 U.S. 478, 493 (1991); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other.") (internal quotation marks omitted).

> [W]hether a prosecutor benefits from absolute or qualified immunity depends on which of the prosecutor's actions are challenged.  The official seeking absolute immunity bears the burden of demonstrating that absolute immunity is justified for the function in question. The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the course of their duties.

Botello, 413 F.3d at 976 (citations omitted).

Here, in the Complaint, Plaintiffs challenge only the Prosecutor Defendants' actions of bringing charges and prosecuting a case against them. As set forth above, these actions are intimately associated with the judicial process and thus, the Prosecutor Defendants are absolutely immune for such actions. Plaintiffs filed no opposition to the motion further expanding upon the allegations in their Complaint. Accordingly, this Court GRANTS Prosecutor Defendants' motion for judgment on the pleadings and the Prosecutor Defendants are hereby dismissed from the case.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants Jay Kimura and Sandra Freitas' Motion for Judgment on the Pleadings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 6, 2007.



_____
David Alan Ezra
United States District Judge

Martin, et al. v. Mahuna, et al., CV No. 06-00640 DAE-KSC; ORDER GRANTING DEFENDANTS JAY KIMURA AND SANDRA FREITAS' MOTION FOR JUDGMENT ON THE PLEADINGS